IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| SOUTHERN ENVIRONMENTAL LAW CENTER, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:19-cv-00011 |
| DAVID BERNHARDT, in his official capacity as Acting Secretary of the Department of the Interior, | ) ) ) ) ) | |
| DANIEL SMITH, in his official capacity as Deputy Director Exercising the Authority of Director for the National Park Service, an agency within the Department of the Interior, and | ) ) ) ) ) ) ) | |
| DANIEL JORJANI, in his official capacity as Principal Deputy Solicitor Exercising the Authority of Solicitor, the head of the Office of the Solicitor, an agency within the Department of Interior, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendants, David Bernhardt in his official capacity as Acting Secretary of the Department of the Interior, Daniel Smith in his official capacity of Deputy Director of the National Park Service, Daniel Jorjani in his official capacity as Principal Deputy Solicitor (collectively, "DOI") by counsel, respectfully move this Court for dismissal of Count 2 of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff, Southern Environmental Law Center ("SELC"), lacks standing, thus depriving this Court of subject matter jurisdiction over Count 2 of the Complaint. SELC attempts to challenge three memoranda and a secretarial order issued by DOI, but has not and cannot establish Article III standing to do so because SELC has not suffered any harm caused by these memoranda and order. Additionally, SELC's requested relief is

unavailable under FOIA, and thus, it cannot demonstrate redressability to establish standing.

## STATEMENT OF FACTS

SELC's Complaint includes two allegations. Count 1 of the Complaint alleges that DOI violated the Freedom of Information Act ("FOIA") because it failed to produce records "promptly" in response to SELC's December 14, 2017 FOIA request ("Request") to the National Park Service ("NPS"). (Compl. ¶ 5, ECF No. 1.) The Request sought documents from NPS "related to the crossing of the Blue Ridge Parkway or Appalachian National Scenic Trail by the Atlantic Coast Pipeline." (Compl. Ex. 1 at 2, ECF No. 1-2.) This Memorandum and the Motion it supports do not address Count 1.

Count 2 of the Complaint challenges three DOI memoranda and a secretarial order (collectively, "Memoranda"). The first memorandum is a May 24, 2018, DOI memorandum formalizing the "awareness process" that the agency engaged in for many years due to the rapidly increasing volume of FOIA requests the agency was receiving (the "Awareness Process Memorandum"). (Compl. Ex. 3, ECF No. 1-4.) The Awareness Process Memorandum enumerates DOI's regulations for responding to FOIA requests and explains that current "employees who are Presidentially Appointed, Senate Confirmed (PAS), Non-Career Senior Executive (NCSE), and/or Schedule C employees" will have seventy-two hours to review responsive FOIA documents containing their names prior to release. (*Id.*) This process allows DOI "to efficiently respond to queries and legal ramifications arising from FOIA responses." (*Id.*) The Awareness Process Memorandum concludes by stating that "full and timely compliance with FOIA obligations is expected" and "[t]he awareness process discussed above does not change . . . existing deadlines." (*Id.*) Although this Memorandum was published after SELC's Request, this process existed for many years prior to the Request.

Second, SELC challenges Secretarial Order 3371. This Order centralized FOIA operations with DOI's Office of the Solicitor because "[t]he decentralized manner in which the Department's FOIA operations [were] currently managed create[d] challenges for coordination and accountability." (Compl. Ex. 4, ECF No. 1-5.) The Order explains that the impetus for this change was DOI's 30% overall increase in FOIA requests within two years, with some offices within DOI seeing a 210% increase in FOIA requests. Based on DOI's review of the FOIA backlog, "[i]t [was] clear that some aspects of the FOIA program's decentralized structure hinder[ed] efficient and effective management of operations in the current environment." (*Id.*) Secretarial Order 3371 became effective November 20, 2018, with the intent of decreasing the backlog of DOI's increasing number of FOIA requests. (*Id.*)

Third, SELC challenges a guidance document titled "Guidance for Applying Deliberative Process Privilege in Processing Ecological Services FOIA Requests" (the "Deliberative Process Memorandum"). (Compl. Ex. 5, ECF No. 1-6.) The document "provides *recommendations* to *Fish and Wildlife Service Ecological Services (FWS) staff* for reviewing, redacting, and withholding deliberative information responsive to Freedom of Information Act (FOIA) requests." (*Id.* (emphasis added).) The Deliberative Process Memorandum, however, only applies to the U.S. Fish and Wildlife Service ("FWS"), a Bureau within DOI separate from NPS. The Request was not directed to FWS.

Last, SELC claims that the "Foreseeable Harm Memorandum" violates FOIA. The December 29, 2017 memorandum provides DOI guidance regarding the foreseeable harm standard that became a statutory requirement under the FOIA Improvement Act of 2016. (Compl. Ex. 6, ECF No. 1-7.) The foreseeable harm analysis is one that requires disclosure of a document, even if it is otherwise subject to a FOIA exemption, unless "the agency reasonably foresees that

disclosure would harm an interest protected by an exemption." 5 U.S.C. § 552 (a)(8)(A)(i)(I). This guidance memorandum merely provides direction for standard application of the analysis across the agency to ensure compliance with FOIA. (Compl. Ex. 6, ECF No. 1-7.)

SELC alleges that the Memoranda "individually and together comprise a concerted effort to prevent the disclosure of records required to be disclosed under FOIA, and upon information and belief have been the primary cause of the delays and withholds affecting SELC's request." (Compl. ¶ 56.) SELC seeks declaratory relief that the Memoranda violate FOIA and requests injunctive relief to prevent application of the Memoranda in the future. (*Id.* ¶¶ (iv)–(ix).) The Court should dismiss Count 2 of SELC's Complaint because SELC lacks standing to bring this claim.

## STANDARD OF REVIEW

Subject matter jurisdiction is a threshold issue, and the Court must address it before reaching the merits of the case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95–102 (1998); *accord Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). Lack of standing is a "defect in subject matter jurisdiction." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013). "The party invoking federal jurisdiction bears the burden of establishing" standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

When a defendant challenges the factual basis for subject matter jurisdiction, "'[a] trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations,' without converting the motion to a summary judgment proceeding." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "In that situation, the presumption of

truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Id.* A district court should grant a Rule 12(b)(1) motion to dismiss "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, *Fredericksburg & Potomac R.R. Co.,* 945 F.2d at 768; *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

**ARGUMENT**

I. **The Court Lacks Subject Matter Jurisdiction Because SELC Does Not Have Article III Standing.**

The doctrine of standing "subsumes a blend of constitutional requirements and prudential considerations." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 463, 471 (1982). Constitutional standing requires (1) a concrete and particularized injury-in-fact that is actual or imminent, (2) a causal connection between the injury and the defendant's challenged conduct, and (3) a likelihood that the injury suffered will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560. "Beyond the constitutional requirements," a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Valley Forge Christian Coll.*, 454 U.S. at 474 (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). Without standing to bring a claim, the Court has no subject matter jurisdiction over the claim. *See Bishop v. Bartlett*, 575 F.3d 419, 432 (4th Cir. 2009) ("[S]tanding implicates our jurisdiction to hear a case."); *Long Term Care Partners, LLC v. United States*, 516 F.3d 225, 230 (4th Cir. 2008) ("[S]tanding implicates this court's subject matter jurisdiction . . . .").

A. **SELC has not suffered a concrete, injury-in-fact attributable to the Memoranda.**

The injury-in-fact must be concrete and particularized, and actual or imminent. *Lujan*, 504 U.S. at 560. Additionally, standing for an injunction requires the court to find "a danger of future

violations." *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 347 (4th Cir. 2001); *see also United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) ("The purpose of an injunction is to prevent future violations . . . . [and] the moving party must satisfy the court that relief is needed."). A policy or practice claim under FOIA seeking declaratory or injunctive relief, such as Count 2 here, requires the plaintiff to show the following injury-in-fact: "(1) the agency's FOIA violation was not merely an isolated incident, (2) the plaintiff was personally harmed by the alleged policy, and (3) the plaintiff himself has a sufficient likelihood of future harm by the policy or practice." *Harjo v. U.S. Citizenship & Immigration Servs.*, 811 F.3d 1086, 1103 (9th Cir. 2016).

SELC claims that its injury is the delay it has experienced in receiving records from the Request. Only the Awareness Process Memorandum adds a step to the agency's FOIA response process—a review period of seventy-two hours—and it only applies to FOIA requests with responsive records from political appointees. The Awareness Process Memorandum makes clear that this does not affect the statutory deadlines for response. The limited additional time to complete this procedural step does not create such a delay that SELC suffered any actual harm. This procedural step does not create a FOIA violation for failing to respond "promptly," nor is it an "unreasonable delay." *Cf. Elec. Privacy Info. Ctr. v. Dep't of Justice*, 15 F. Supp. 3d 32, 45–46 (D.D.C. 2014) (finding that an over two-month delay was not an unreasonable delay to establish irreparable harm for a preliminary injunction, and the plaintiff suffered no harm by a delay in receiving what it claimed to be crucial documents that it was unlikely to ever receive). Moreover, as set forth in the attached declaration of Charis Wilson, NPS FOIA Officer, none of the Memoranda have been a cause of delay for the Request. Ex. 1, Wilson Decl. ¶ 8.

Notably, the Complaint is devoid of any indication as to the actual harm this procedural step has created, and SELC's initial disclosures list no one who would have discoverable

6

information as to this case. Ex. 2, SELC Initial Disclosures. The fact that SELC offers no one who would be able to testify to any alleged harm it has incurred from these policies further indicates that SELC has not suffered any actual harm. Because SELC has not suffered an injury-in-fact, it does not have standing.

Similarly, there is no likelihood of SELC suffering a future injury based on the Memoranda. As the Supreme Court explained in *Lyons*, fear is insufficient to create standing because "[i]t is the *reality* of the threat of repeated injury that is relevant to the standing inquiry, not the plaintiff's subjective apprehensions." *City of Los Angeles v. Lyons*, 461 U.S. 95, 106 n.8 (1983) (finding that the plaintiff lacked standing to seek to enjoin the Los Angeles Police Department from using chokeholds in circumstances that do not threaten death or serious bodily injury because the plaintiff could not allege the certainty of another such encounter). Further, this "threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Lebron v. Rumsfeld*, 670 F.3d 540, 560 (4th Cir. 2012) (quoting *Lyons*, 461 U.S. at 102, 103). *See also Bryant v. Cheney*, 924 F.2d 525, 529 (4th Cir. 1991) ("[C]ourts resolve disputes, rather than emit random advice. Courts should be especially mindful of this limited role when they are asked to award prospective equitable relief instead of damages for a concrete past harm, and a plaintiff's past injury does not necessarily confer standing upon him to enjoin the possibility of future injuries."); *Tipograph v. Dep't of Justice*, 146 F. Supp. 3d 169, 175 (D.D.C. 2015) ("A plaintiff . . . , who claims to have been harmed in the past by an agency policy, must make a 'showing of [a] real or immediate threat that [she] will be wronged again' by that policy in order 'to make out a case or controversy' under Article III." (quoting *Lyons*, 461 U.S. at 103)).

SELC does not have a "concrete likelihood of future injury" to have standing for an injunction. FOIA cases considering standing to request a permanent injunction—as SELC does

here—find that plaintiffs must have other "pending FOIA requests that are likely to be subject to an agency's challenged policies." *Nat'l Sec. Counselors v. C.I.A.*, 931 F. Supp. 2d 77, 94 (D.D.C. 2013). A mere "expressed intention" to file FOIA requests in the future is insufficient. *Id.*; *see also Bayala v. U.S. Dep't of Homeland Sec.*, 246 F. Supp. 3d 16, 25 (D.D.C. 2017) ("Where plaintiffs do not allege any possibility that their injury could recur—such as through pending FOIA requests or concrete plans to file additional requests—they lack standing for prospective relief regarding an agency's FOIA practices."); *Frank LLP v. Consumer Fin. Prot. Bureau*, 288 F. Supp. 3d 46, 58 (D.D.C. 2017) ("[A] plaintiff seeking prospective relief like an injunction or declaration striking down an agency's FOIA policy must be able to point to an imminent *future* injury—one that is "certainly impending" or has a "substantial risk" of occurring."); *Thompson v. Sessions*, No. 16-3 (RDM), 2018 WL 4680201, at *4 (D.D.C. Sept. 27, 2018) ("The complaint, moreover, does not allege that Thompson had—or has—any interest in filing FOIA requests unrelated to his discrimination and due process claims."), *appeal filed*.

SELC vaguely asserts that it "intends to continue submitting FOIA requests to agencies within the Department of Interior." (Compl. ¶ 88, ECF No. 1.) Future injury is satisfied where "FOIA requestors challenge an alleged ongoing policy or practice *and* can demonstrate that they have [other] pending FOIA requests that are likely to implicate that policy or practice." *Nat'l Sec. Counselors*, 931 F. Supp. 3d at 93. This vague intention to submit FOIA requests in the future is insufficient to establish standing for injunctive relief. Therefore, SELC has not suffered a past injury-in-fact and does not have a "concrete likelihood of future injury" necessary for standing.

### B. The Memoranda did not cause SELC any injury.

Even if the Court considered the delay to be a sufficient injury-in-fact and there to be a concrete likelihood of future injury, the delay here has not been caused in any way by the

Memoranda. At the time SELC submitted its request, there were seventy-nine FOIA requests ahead of it, and both DOI and NPS have seen drastic increases in FOIA requests, resulting in limited resources and large backlogs. Ex. 1, Wilson Decl. ¶ 9; Secretarial Order, Compl. Ex. 4, ECF No. 1-5. The Secretarial Order that SELC alleges causes delay was implemented for the purpose of decreasing this backlog, streamlining an otherwise disorganized system, and *decreasing* FOIA response time. (*Id*.) The Order's express intent is contrary to SELC's assertion that the Order has caused delay. The Order has not caused any delay in responding to the Request, nor will it in the future, and therefore, the order has not caused SELC any actual harm to have standing.

Second, the Awareness Process Memorandum has not caused any harm or delay. As discussed above, three additional days does not create any actual harm, and SELC has neither alleged nor suffered any actual harm caused by a three-day delay. In responding to FOIA requests, the FOIA Officer reviews the potentially responsive documents and redactions. This individual, however, is seldom the custodian of the records sought. Thus, it makes sense to allow the custodian to review the proposed redactions. Engaging in this logical process prior to releasing documents does not cause any harm. Because many other factors have increased the agency's production timeline that are wholly unrelated to the Awareness Process Memorandum, it has not caused SELC any harm to create standing to challenge the Awareness Process Memorandum under FOIA. Ex. 1, Wilson Decl. ¶ 8.

Third, the Deliberative Process Memorandum is a memorandum that does not apply to NPS—the agency to which SELC sent the Request. It is a memorandum to the FWS, which is a separate bureau of DOI. A memorandum that does not apply to the responding agency could not cause SELC any delay or harm, and SELC lacks standing to challenge it.

Last, the Foreseeable Harm Memorandum is merely a guidance document regarding a change in FOIA law. Nothing about this memorandum has caused a delay in responding to the Request. Ex. 1, Wilson Decl. ¶ 8. The foreseeable harm review that SELC takes issue with is a process required under FOIA, intended to result in more disclosure. The Foreseeable Harm Memorandum gives DOI employees guidance on how to uniformly conduct this legally required review so as to ensure consistency across the agency. Conducting this review to comply with FOIA law has not caused SELC any injury.

None of the Memoranda created a delay that has caused SELC any injury. The Complaint only alleges that the Memoranda have been the "primary cause" of delay "upon information and belief." (Compl. ¶ 56.) This conclusory statement without any supporting facts is insufficient to support the causation necessary to establish standing. *See Va. Transformer Corp. v. Ebbert*, No. 7:18-cv-00143, 2019 WL 1415467, at *4 (W.D. Va. Mar. 28, 2019) (Dillon, J.) (finding that a conclusory statement supported by "information and belief" is insufficient). The length of time it has taken NPS to respond to the Request is due to the high volume of FOIA requests, the fact that there were seventy-nine FOIA requests ahead of SELC's, and breadth of the Request. Ex. 1, Wilson Decl. ¶¶ 4–9. Because the Memoranda have not caused SELC's perceived harm of delay, SELC lacks standing to challenge the Memoranda under FOIA.

### C. SELC's requested relief is unlikely to redress any of its alleged harm.

SELC requests an injunction invalidating the Memoranda as its remedy, but such a remedy is unavailable under FOIA. District courts do not have "statutory jurisdiction or authority to enjoin *all* practices that violate FOIA." *Nat. Res. Def. Council, Inc. v. U.S. Envtl. Prot. Agency*, No. 17-1243 (RDM), 2019 WL 1755976, at *10 (D.D.C. Apr. 19, 2019). The only relief generally available to a FOIA requestor is the injunctive relief of the production of documents and information. *Payne*

*Enters., Inc. v. United States*, 837 F.2d 486, 491–92 (D.C. Cir. 1988). *See also Taylor v. Sturgell*, 553 U.S. 880, 886 (2008) (explaining that the only declaratory or injunctive relief normally available to FOIA requestors is an order for the production of documents improperly held).

As SELC sets forth in the Complaint, its demand for a sweeping, affirmative injunction is grounded in quibbles SELC has with the way its own FOIA request is processed. The proper remedy for this type of complaint is the type of civil action SELC pled in its first count: an action seeking an order compelling the agency to process and release information responsive to SELC's Request. Further, SELC's allegations regarding the Memoranda are not policies or practices whereby Defendants have affirmatively elected to not process FOIA requests like the policy identified in *Payne Enterprises*, or some other egregious violation of FOIA that would require extraordinary relief. SELC's claim for a general injunction altering the way that DOI processes FOIA requests because SELC experienced a delay is improper. Because an injunction is unavailable as relief, redressability is absent to establish SELC's standing.

Further, even if such relief was available, invalidating the Memoranda will not expedite NPS's disclosure by more than three days. "[I]t must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 560 (quoting *Simon v. Eastern Ky. Rights Org.*, 426 U.S. 26, 38, 43 (1976)). Therefore, SELC's requested relief will not redress its alleged harm of a delay, and SELC lacks standing to challenge the Memoranda.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Count 2 of the Complaint for lack of standing. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Respectfully submitted,

THOMAS T. CULLEN
United States Attorney

Date:  August 27, 2019           */s/ Krista Consiglio Frith*
                                  Assistant United States Attorney
                                  Virginia State Bar No. 89088
                                  P. O. Box 1709
                                  Roanoke, VA  24008-1709
                                  Telephone: (540) 857-2250
                                  Facsimile: (540) 857-2283
                                  E-mail:  krista.frith@usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2019, I caused a true copy of the foregoing Memorandum in Support of the United States' Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel of record.

                                  */s/ Krista Consiglio Frith*
                                  Krista Consiglio Frith
                                  Assistant United States Attorney