IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| SOUTHERN ENVIRONMENTAL LAW CENTER, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:19CV00011 |
| v. | ) ) | **MEMORANDUM OPINION** |
| DAVID BERNHARDT, et al., | ) ) ) | By: Hon. Glen E. Conrad<br>Senior United States District Judge |
| Defendants. | ) | |

Southern Environmental Law Center ("SELC") filed this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against David Bernhardt, in his official capacity as Acting Secretary of the Department of the Interior ("DOI"); Daniel Smith, in his official capacity as Deputy Director of the National Park Service ("NPS"), an agency within DOI; and Daniel Jorjani, in his official capacity as Principal Deputy Solicitor of the Office of the Solicitor, an agency within DOI (collectively, the "DOI Defendants"). The case is presently before the court on the DOI Defendants' partial motion to dismiss for lack of subject-matter jurisdiction, in which the DOI Defendants argue that SELC does not have standing to pursue the policy-or-practice claim asserted in Count II of the complaint. For the reasons set forth below, the motion will be denied without prejudice.

**Background**

I. **SELC's FOIA Request**

SELC is a nonprofit public interest law firm that focuses on environmental issues affecting six southeastern states. Compl. ¶ 9, Dkt. No. 1. "As part of its mission, SELC regularly submits FOIA requests to agencies within the Department of the Interior, including the NPS." Id. ¶ 12.

On December 14, 2017, SELC sent NPS a FOIA request seeking "records . . . related to the crossing of the Blue Ridge Parkway or Appalachian National Scenic Trail by the Atlantic Coast Pipeline." Compl. Ex. 1, Dkt. No. 1-2. NPS did not respond to the FOIA request within twenty days, as required by statute. See 5 U.S.C. § 552(a)(6)(A)(i). Consequently, on January 9, 2018, SELC requested an update on the status of the FOIA request and offered to clarify the scope of the request. Compl. ¶ 39. However, "NPS did not respond." Id.

Approximately seven weeks later, on February 28, 2018, NPS acknowledged receipt of the FOIA request and produced two documents, namely, the final permits issued for the Atlantic Coast Pipeline. Id. ¶ 40. In its February 28, 2018 communication, NPS also sought additional clarification regarding the FOIA request, noting that more than 90 NPS staff members in more than six offices would potentially possess responsive records. Id. ¶ 41. In response, SELC clarified the categories of documents sought and attempted to narrow the scope of the request. Id. ¶ 42. SELC also offered to narrow the scope of the request even further if NPS would describe the categories of responsive records. Id.

On April 4, 2018, NPS advised SELC that "agency staff were 'working on preparing a list . . . of materials or categories.'" Id. ¶ 43. Seven weeks later, on May 23, 2018, SELC contacted NPS and requested an update on the FOIA request. Id. ¶ 44. NPS replied that it was working on an advanced search query for email searches and that NPS would keep SELC posted on the status. Id.

On July 9, 2018, nearly seven months after the FOIA request was initially submitted, SELC contacted NPS again and requested an estimated date of completion. Id. ¶ 45. That communication went unanswered. Id. As of February 21, 2019, when the instant action was filed, SELC had received no further communication regarding the FOIA request. Id. ¶ 61.

2

## II. Policies or Practices Allegedly Affecting SELC's FOIA Request

SELC alleges that the DOI Defendants have unlawfully delayed responding to the pending FOIA request, and that the delay was caused, at least in part, by policies and practices expressed in certain memoranda. Specifically, SELC cites to policies and practices associated with an "Awareness Process Memorandum" issued by DOI on May 24, 2018, a "Deliberative Process Memorandum" issued to the Fish and Wildlife Service ("FWS") on September 6, 2018, and a "Foreseeable Harm Memorandum" issued by DOI on December 29, 2017 (collectively, the "Memoranda"). Compl. ¶¶ 46–59.

The Awareness Process Memorandum requires FOIA personnel to "search responsive emails and attachments to emails for the names and email addresses of current [DOI] employees who are Presidentially Appointed, Senate Confirmed (PAS), Non-Career Senior Executive (NCSE), and/or Schedule C employees." Awareness Process Mem. 2, Dkt. No. 1-4. If such information is located, FOIA personnel must "notify each PAS, NCSE, and/or Schedule C employee identified in responsive emails and provide him/her access to the full set of responsive records." Id. at 3. FOIA personnel must also "simultaneously identify a [Solicitor's Office] attorney." Id. The identified employee and the attorney "have up to 72 hours to review the responsive records." Id. Additional time may be provided upon request. Id.

The Deliberative Process Memorandum issued to FWS includes "recommendations and considerations for when withholding records as deliberative under FOIA Exemption 5 (5 U.S.C. [§] 552(b)(5)) may be appropriate." Deliberate Process Mem. 1, Dkt. No. 1-6. The memorandum indicates that it "is intended to raise awareness of the need to process FOIA requests in a manner most likely to preserve the consistency of information released under FOIA with information that could be subsequently included in an [administrative record] pursuant to

3

Administrative Procedure Act (APA) litigation involving FWS decisions." Id. According to the memorandum, FWS previously released documents in response to FOIA requests "without undertaking a discerning review for deliberative materials." Id. at 2. The memorandum emphasizes that "FWS personnel should carefully review responsive documents for deliberative process applicability" in order to "protect[] [agency] decisions in the FOIA context" and "in APA litigation." Id. at 4. The memorandum goes on to describe "[c]ategories of information and documents that should be considered for withholding in full or in part under Exemption 5's deliberative process privilege." Id. at 5.

The Foreseeable Harm Memorandum, which is incorporated by reference in the Deliberative Process Memorandum, creates an additional layer of review before certain documents may be released in response to a FOIA request. Specifically, the memorandum states that if a FOIA officer "plan[s] to release a record (or portion of it) covered by an exemption because [the officer] decide[s] no foreseeable harm would result from the disclosure," the officer must "seek additional information from [a subject matter expert] before taking further steps." Foreseeable Harm Mem. 2, Dkt. No. 1-7 (emphasis in original).

SELC alleges that its FOIA request has been subject to the policies and practices described in the Memoranda. Compl. ¶ 55. SELC asserts that such policies and practices "individually and together comprise a concerted effort to prevent the disclosure of records required to be disclosed under FOIA," and that they are "inconsistent with Defendants' statutory obligation[s] to 'promptly' make records available upon request" and "withhold documents only when the agency foresees that disclosure would harm an interest protected by a FOIA exemption." Id. ¶¶ 56, 82, 85 (citing 5 U.S.C. § 552(a)(3)(A), (a)(6)(A), and (a)(8)(A)(i)(I). SELC further alleges that "Defendants' policies, individually and in concert, caused or contributed to the delays and

4

withholdings of the records sought by SELC's request," and "will continue to harm SELC's interests unless enjoined by this Court."  Id. ¶¶ 87–88.

## Procedural History

SELC filed the instant action against the DOI Defendants on February 21, 2019.  In Count I of the complaint, SELC claims that the DOI Defendants have unlawfully withheld records responsive to its December 14, 2017 FOIA request.  In Count II, SELC asserts a policy-or-practice claim under FOIA.  With respect to this claim, SELC requests that the court declare that the policies and practices reflected in the Memoranda violate FOIA and enjoin their application by the DOI Defendants.

On August 28, 2019, the DOI Defendants moved to dismiss the policy-or-practice claim for lack of subject-matter jurisdiction.  In particular, the DOI Defendants argue that SELC does not have standing under Article III of the Constitution to assert this claim.  In support of the motion, the DOI Defendants submitted a sworn declaration from Charis Wilson, the NPS FOIA Officer responsible for processing and responding to SELC's FOIA request.

On November 4, 2019, the court held a hearing on the DOI Defendants' partial motion to dismiss.  The motion has been fully briefed and is ripe for review.

## Standard of Review

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies."  U.S. Const. art. III, § 2.  "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue."  Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013) (internal quotation marks and citations omitted); see also Beyond Sys., Inc. v. Kraft Foods, Inc., 777 F.3d 712, 715 (4th Cir. 2015) (recognizing that Article III standing implicates a federal court's subject-matter jurisdiction).

The United States Court of Appeals for the Fourth Circuit has explained that defendants "may challenge subject-matter jurisdiction in one of two ways: facially or factually." Beck v. McDonald, 848 F.3d 262, 269 (4th Cir. 2017) (citing Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)). "In a facial challenge, the defendant contends that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." Id. (internal quotation marks and citation omitted). In that scenario, "the plaintiff is afforded the same procedural protection as [it] would receive under a Rule 12(b)(6) consideration." Kerns, 585 F.3d at 192. The facts alleged in the complaint are accepted as true, and the motion must be denied if the complaint alleges sufficient facts to invoke the court's subject-matter jurisdiction. Id.

When a defendant pursues a factual challenge, "the defendant argues 'that the jurisdictional allegations of the complaint [are] not true,' providing the trial court the discretion to 'go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations.'" Beck, 848 F.3d at 269 (alternation in original) (quoting Kerns, 585 F.3d at 192). "In that situation, the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." Kerns, 585 F.3d at 192. When the jurisdictional facts are intertwined with the facts central to the merits of a dispute, "the court should resolve the relevant factual disputes only after appropriate discovery." Id.

Here, the DOI Defendants assert both facial and factual challenges. They argue that SELC has failed to adequately allege facts sufficient to demonstrate that it has standing to pursue the policy-or-practice claim asserted in Count II. See Defs.' Br. Supp. Mot. Dismiss 6, Dkt. No. 15 (arguing that the complaint does not allege any actual harm attributable to the Awareness Process Memoranda); id. at 8 (challenging the sufficiency of the allegations of future injury); id. at

10 (labeling as "conclusory" the allegation that the Memoranda have been a primary cause of the delay in responding to the pending FOIA request). The DOI Defendants also argue, based on Wilson's declaration, that the policies and practices reflected in the Memoranda "have not caused SELC's perceived harm of delay." Id. at 10 (citing Wilson Decl. ¶¶ 4–9).

For the reasons discussed during the hearing on the pending motion, the court believes that discovery is necessary to resolve the factual challenges raised by the DOI Defendants. Accordingly, at this stage of the proceedings, the court will limit its analysis to the DOI Defendants' facial challenges to SELC's jurisdictional allegations.[1]

## Discussion

Both the Ninth Circuit and the D.C. Circuit have recognized two separate claims that complainants can bring against an agency under FOIA. See Hajro v. United States Citizenship & Immigration Servs., 811 F.3d 1086, 1103 (9th Cir. 2016); Payne Enters., Inc. v. United States, 837 F.2d 486, 491 (D.C. Cir. 1988). The first type of claim is one in which "a plaintiff attacks a specific agency action for (1) 'improperly' (2) 'withheld' (3) 'agency records.'" Hajro, 811 F.3d at 1103 (quoting Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980)). The second type of claim, often referred to as a policy-or-practice claim, alleges that "an agency policy or practice will impair the party's lawful access to information in the future." Payne Enters., 837 F.2d at 491. In this case, SELC asserts both types of claims. The DOI Defendants have solely moved to dismiss the policy-or-practice claim for lack of standing.[2]

---

[1] The DOI Defendants may reassert their factual challenges at a later stage of the proceedings. See New Horizon of N.Y. LLC v. Jacobs, 231 F.3d 143, 150 (4th Cir. 2000) ("Lack of subject matter jurisdiction may be raised at any time by the parties or the court.").

[2] The Fourth Circuit has not decided whether an independent policy-or-practice claim exists under FOIA. For purposes of the pending motion, the court assumes, as the parties do, that such a claim is available.

7

In order to possess standing to sue under Article III, "a plaintiff must sufficiently allege the three elements identified by the Supreme Court" in Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Hutton v. Nat'l Bd. of Exam's in Optometry, Inc., 892 F.3d 613, 619 (4th Cir. 2018). "That is, a plaintiff must allege that they have: '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" Id. (quoting Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016)); see also Lujan, 504 U.S. at 560–61. In moving to dismiss the policy-or-practice claim for lack of standing, the DOI Defendants argue that the allegations in the complaint fail to satisfy any of these elements. For the following reasons, the court disagrees.

### I. Injury in Fact

The court begins by addressing the injury-in-fact requirement. To satisfy this requirement, a plaintiff must allege an injury that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Spokeo, 136 S. Ct. at 1547. When a plaintiff seeks injunctive relief, as SELC does here, "there is the additional requirement of a 'real or imminent threat' that the party will suffer an injury in the future." Griffin v. Dep't of Labor Fed. Credit Union, 912 F.3d 649, 653 (4th Cir. 2019) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)). A plaintiff must establish an injury in fact "with the manner and degree of evidence required" at the particular stage of the litigation. Lujan, 504 U.S. at 562. At the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice." Id.

In Hajro v. United States Citizenship & Immigration Services, on which the DOI Defendants rely, the Ninth Circuit addressed the standing requirements applicable to a policy-or-practice claim under FOIA. 811 F.3d at 1103. The Court identified three requirements for establishing an injury in fact when a plaintiff alleges a pattern or practice of FOIA

8

violations and seeks declaratory or injunctive relief: "(1) the agency's FOIA violation was not merely an isolated incident, (2) the plaintiff was personally harmed by the alleged policy, and (3) the plaintiff himself has a sufficient likelihood of future harm by the policy or practice." Hajro, 811 F.3d at 1103. Assuming that the Fourth Circuit would adopt the same test, the court concludes that SELC has satisfied each requirement at this stage of the proceedings.

With respect to the first requirement, SELC specifically alleges that the DOI Defendants have formally adopted policies and practices, as reflected in the Memoranda, that "violate FOIA because they interfere with the agency's responsibility to 'promptly' make records available upon request and are inconsistent with the obligation to disclose records unless disclosure would foreseeably harm an interest protected by a statutory exception." Compl. at 18–19 (citing 5 U.S.C. § 552(a)(3)(A) and (a)(8)(A)(i)(I)); see also id. ¶¶ 81–86. SELC further alleges that the DOI Defendants have applied the challenged policies and practices in responding to FOIA requests, including the request at issue in this case. For purposes of standing, and without addressing the merits of the policy-or-practice claim, the court concludes that SELC has adequately alleged that the claimed FOIA violations were not isolated incidents. See Hajro, 811 F.3d at 1103–04 (explaining that while the first prong overlaps with the merits of a policy-or-practice claim, the standing inquiry is limited to whether the plaintiff adequately alleged that the federal agency has a pattern or practice of violating FOIA); see also Whitmore v. Arkansas, 495 U.S. 149, 155 (1990) ("Our threshold inquiry into standing 'in no way depends on the merits of the [petitioner's] contention that particular conduct is illegal.'") (alteration in original) (quoting Warth v. Seldin, 422 U.S. 490, 500 (1975)).

SELC has also sufficiently alleged that it was harmed by the policies and practices at issue, thereby satisfying the second requirement identified in Hajro. SELC specifically alleges that its

9

FOIA request was subject to the policies and practices reflected in the Memoranda, and that the policies and practices caused or contributed to the delays and withholdings of the records sought by SELC's request. See, e.g., Compl. ¶¶ 55, 56, 87. SELC has therefore alleged concrete harm sufficient to establish an injury in fact at the pleading stage. See Hajro, 811 F.3d at 1106 (holding that that the plaintiff's "specific FOIA request delayed by [the defendant was] sufficient to demonstrate that he was personally harmed by [the defendant's] pattern of delay in contravention of FOIA's time limits"); Frank LLP v. Consumer Fin. Prot. Bureau, 288 F. Supp. 3d 46, 58 (D.D.C. 2017) ("Having documents improperly withheld in response to a FOIA request is a well-established cognizable injury.").

The third requirement under Hajro is a sufficient likelihood of future harm based on the alleged policy or practice. Courts have recognized that this requirement may be met by alleging that a plaintiff has a separate FOIA request pending before an agency that would be subject to the challenged policy or practice, or by showing that the plaintiff is in the business of requesting and compiling information obtained through FOIA requests. Smith v. United States Immigration & Customs Enf't, 249 F. Supp. 3d 1203, 1209 (D. Col. 2017) (citing Tipograph v. Dep't of Justice, 146 F. Supp. 3d 169 (D.D.C. 2015)). In this case, SELC alleges that it regularly submits FOIA requests to DOI agencies, including NPS; that it intends to continue submitting such requests in the future; and that the DOI Defendants' policies will continue to harm SELC's interests unless they are enjoined by this court. The court concludes that SELC has sufficiently alleged, at least at this stage of the litigation, a likelihood of future harm based on the challenged policies and practices. Cf. Khine v. United States Dep't of Homeland Sec., No. 18-5302, 2019 U.S. App. LEXIS 36207, at *9 (D.C. Cir. Dec. 6, 2019) (holding that the plaintiff did not have standing to pursue a

10

policy-or-practice claim since the plaintiff acknowledged that she would not make future requests under FOIA).

## II. Causation

Having concluded that SELC has adequately alleged an injury in fact, the court turns to the causation requirement. To satisfy this requirement, a plaintiff must allege that its injury in fact is "fairly traceable" to the defendants' challenged conduct. Hutton, 892 F.3d at 623 (citation omitted). The Fourth Circuit has "concluded that the 'fairly traceable standard is not equivalent to a requirement of tort causation.'" Id. (internal quotation marks and citation omitted). Instead, the plaintiff must merely show that the defendants' conduct "causes or contributes to the kinds of injuries alleged." Nat. Res. Def. Council v. Watkins, 954 F.2d 974, 980 (4th Cir. 1992).

As indicated above, SELC claims that the DOI Defendants have violated FOIA by failing to timely respond to SELC's request and by improperly withholding responsive documents. SELC further alleges that its FOIA request has been subject to the policies and practices reflected in the Memoranda, and that such policies and practices have caused or contributed to the delays and withholdings of the records sought by SELC's request. The court is convinced that SELC's allegations, considered in combination, are sufficient to satisfy the causation requirement at the pleading stage.

## III. Redressability

The third and final requirement for Article III standing is redressability. At the pleading stage, a plaintiff must allege that the claimed injury in fact is "likely to be redressed by a favorable judicial decision." Hutton, 892 F.3d at 619 (internal quotation marks and citation omitted). Courts have recognized that "complete redressability" is not required. Consumer Data Indus. Ass'n v. King, 678 F.3d 898, 902 (10th Cir. 2012) (citing Larson v. Valente, 456 U.S. 228, 243

n.15 (1982)). Instead, a plaintiff need only show that a favorable decision would alleviate the plaintiff's problem "to some extent." Id.

In this case, SELC alleges that the policies and practices reflected in the Memoranda "will continue to harm SELC's interests unless enjoined" by the court. Compl. ¶ 88. Thus, SELC requests that the court (1) enjoin the DOI Defendants' application of the allegedly unlawful policies described in the Memoranda, and (2) declare that the policies violate FOIA because they interfere with the agency's responsibility to make records promptly available upon request and are inconsistent with the agency's disclosure obligations. Because such relief would address the alleged injury in fact, at least to some extent, the court concludes that SELC has satisfied the redressability requirement at this stage of the proceedings.

Insofar as the DOI Defendants summarily argue that "an injunction is unavailable as relief," the court is unpersuaded. Defs.' Br. Supp. Mot. Dismiss 11. Courts have recognized that "where an agency's policy or practice conflicts with FOIA's dictates, the statute gives the Court equitable power to enjoin enforcement of that policy or practice." Frank LLP, 288 F. Supp. 3d at 52; see also Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec., 895 F.3d 770, 780 (D.C. Cir. 2018) (holding that a plaintiff states a plausible policy-or-practice claim for injunctive relief by alleging a pattern of prolonged delay amounting to a persistent failure to adhere to FOIA's requirements and that the pattern of delay will interfere with the plaintiff's rights to promptly obtain non-exempt records from the agency in the future). Whether SELC is actually entitled to injunctive relief is a matter that must be resolved on the merits. See Covenant Media of S.C., LLC v. City of N. Charleston, 493 F.3d 421, 429 (4th Cir. 2007) (holding that the standing analysis must not be confused with a determination of the merits because "[a] plaintiff's standing to bring a case does not depend upon his ultimate success on the merits underlying his case").

## Conclusion

For all of these reasons, the court concludes that SELC's complaint sets forth sufficient allegations, at the pleading stage, to establish standing to pursue the policy-or-practice claim asserted in Count II. Accordingly, the DOI Defendants' partial motion to dismiss for lack of subject-matter jurisdiction will be denied without prejudice to refiling at a later stage of the litigation.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 9th day of January, 2020.

                                                    Senior United States District Judge